IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWARD R. SANCHEZ | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-0988-P |
| | § | |
| M. CRUZ, Warden, | § | |
| FCI-Seagoville | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Edward R. Sanchez, a federal prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be denied.

I.

On June 22, 2005, petitioner was indicted by a federal grand jury in the Northern District of Texas on one count of conspiracy to possess with intent to distribute more than 50 grams of cocaine base and one count of distribution of approximately 2.39 grams of cocaine base. Two weeks later, on July 6, 2005, petitioner was arrested on a related state drug charge. On or about August 18, 2005, the U.S. Marshals Service assumed temporary custody of petitioner pursuant to a writ of habeas corpus *ad prosequendum*. Petitioner pled guilty to the distribution count of the federal indictment and, on December 19, 2005, was sentenced to 37 months confinement. The judgment does not specify whether petitioner's federal sentence runs concurrent with or consecutive to his yet-to-be-imposed state sentence. Immediately following his federal sentencing, petitioner was returned to state custody. On January 6, 2006, petitioner was sentenced to five years confinement on the state

drug charge. When petitioner was released from state prison on January 2, 2009, he was transferred to federal custody and began serving his federal sentence.

Petitioner now seeks credit on his federal sentence for all time spent in state custody--both before and after his federal sentencing. It appears that petitioner has exhausted his administrative remedies and is properly before this court. *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990).

II.

Petitioner's claims are governed by two different statutes. With respect to his claim for sentence credit from August 18, 2005, the date federal authorities assumed temporary custody under a writ of habeas corpus *ad prosequendum*, until December 19, 2005, the date of his federal sentencing, the applicable statute provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1)     as a result of the offense for which the sentence was imposed;
> or
>
> (2)     as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). Federal prison regulations provide that time spent in federal custody pursuant to a writ of habeas corpus will not, in itself, be considered for the purpose of determining custody credits. "This is because the primary reason for custody is not the federal charge. Rather, it is considered that the federal court 'borrows' the defendant under the provisions of the writ for the purpose of making his court appearance." *United States v. Hathcock*, No. 3-08-CR-0224-N, 2010

WL 1406158 at *1 n.1 (N.D. Tex. Feb. 22, 2010), *rec. adopted*, 2010 WL 1372471 (N.D. Tex. Apr. 7, 2010), *citing Sentencing Computation Manual*, P.S. 5880.28 (CCCA 1984). In denying an earlier motion filed by petitioner seeking this same sentence credit, the federal sentencing court noted:

> Sanchez was initially in the custody of the State of Texas, and was then brought before this Court through a writ of habeas corpus ad prosequendum. As such, the whole time period Sanchez was in federal custody under the writ of habeas corpus ad prosequendum pending disposition of the federal charge against him, he was "on loan" from the State of Texas. Even though this Court actually convicted and sentenced Sanchez prior to his disposition by the state court, he was in the custody of the State of Texas first, and thus, it was proper for him to be returned to that primary jurisdiction, and he is not entitled to credit towards his federal sentence for the time he was under the writ ad prosequendum.

*United States v. Sanchez*, No. 4-05-CR-112-Y(11), op. at 2 (N.D. Tex. May 11, 2009). The sentencing judge also observed that "it appears that Sanchez did receive credit towards his state sentence for all the time he was borrowed under the writ of habeas corpus ad prosequendum." *Id.* at 2 n.4. Under these circumstances, none of that time may be credited towards petitioner's federal sentence.

### III.

Petitioner also seeks credit for the time spent in state prison following his federal sentencing. This claim implicates 18 U.S.C. § 3584, which provides, in pertinent part:

> (a)  If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

\* \* \* \*

> (b) The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).

18 U.S.C. § 3584(a) & (b). Notwithstanding the plain language of this statute, which vests the district court with discretion to determine whether state and federal sentences run concurrently or consecutively, petitioner appears to argue that the BOP violated his constitutional rights by failing to designate the TDCJ-CID as a "place of imprisonment" under 18 U.S.C. § 3621(b). That statute provides:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) *any statement by the court that imposed the sentence--*
>
> > (A) *concerning the purposes for which the sentence to imprisonment was determined to be warranted; or*
> >
> > (B) *recommending a type of penal or correctional facility as appropriate;* and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

*Id.* § 3621(b) (emphasis added). Petitioner has failed to show that the BOP abused its discretion in failing to designate the TDCJ-CID as a "place of imprisonment" for serving his federal sentence. In rejecting petitioner's claim at the administrative level, the BOP explained:

> [T]he federal [judgment] was silent on whether your sentence should run consecutively or concurrently to any other sentence. Pursuant to 18 U.S.C. § 3584, "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." *Nevertheless, the federal sentencing court was contacted for a statement concerning its position on a retroactive designation. In responding, the federal sentencing court indicated consecutive service of your state and federal sentences is appropriate.*

(*See* Pet. Mem. Br., Exh. 2) (emphasis added). Absent an indication by the federal sentencing court that it intended for petitioner to serve his federal and state sentences concurrently, the BOP had discretion to deny such a request. *See, e.g. Waters v. United States*, 331 Fed. Appx. 278, 280, 2009 WL 1424016 at *1 (5th Cir. May 21, 2009); *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003); *Henderson v. Joslin*, No. 3-06-CV-0797-P, 2007 WL 148733 at *5 (N.D. Tex. Jan. 22, 2007), *citing Rodriguez v. Pitzer*, 76 Fed.Appx. 519, 520, 2003 WL 21805912 at *1 (5th Cir. Aug. 7, 2003); *Jackson v. Casterline*, 226 F.3d 643 (Table), 2000 WL 1029187 at *1 (5th Cir. Jul. 14, 2000).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be summarily denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   June 21, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE